IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Heidi L. Miller,
Chris C. Miller,

    Plaintiffs,

UnitedHealthcare of Wisconsin, Inc.,

    Involuntary Plaintiff,

Case No.: 21-CV-661

v.

Walmart, Inc.,

    Defendant.

## Notice of Removal

Walmart, Inc., by its attorneys, Gass Turek LLC, hereby removes this civil action to the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1441. In support of removal, Walmart states as follows.

1. **State Court File**. On September 17, 2021, plaintiffs Heidi and Chris Miller initiated this action by filing a Complaint in the Circuit Court of Oneida County, State of Wisconsin, Case Number 21-CV-145 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process, pleadings, and orders served upon Walmart in the State Court Action is attached as Exhibit A.

2. **Removal is Timely**. Walmart was personally served with the Summons and Complaint in the State Court Action on September 20, 2021. *See Exhibit A* at Dkt. No. 6; *Exhibit B*. Because this Notice of Removal is being filed within thirty days following such service, removal is timely pursuant to 28 U.S.C. § 1446(b).

3. **Original Jurisdiction**. This case may be removed from the State Court for Oneida County to the United States District Court for the Western District of Wisconsin because it has original jurisdiction over the litigation pursuant to 28 U.S.C. § 1332 based on the diversity of the parties.

4. **Citizenship of Plaintiffs**. Plaintiffs Heidi and Chris Miller are natural persons and citizens of Wisconsin. *Exhibit A at* Dkt. No. 3, ¶¶ 1-2.

5. **Citizenship of Involuntary Plaintiff**. UnitedHealthcare of Wisconsin, Inc., ("UHC WI") is incorporated in Wisconsin and has its principal place of business in Wisconsin, and pursuant to 28 U.S.C. § 1332(c)(1) is deemed to be a citizen of Wisconsin. *See Exhibit A* at Dkt. No. 3, ¶ *3*; *Exhibit C*.[1] Moreover, UHC WI is named as an Involuntary Plaintiff based on it allegedly having paid certain medical bills or expenses on behalf of its insured, Heidi Miller, and as such it is allegedly entitled to a right of subrogation thereto. *Exhibit A* at Dkt. No. 3, ¶¶ 3, 12. Therefore, UHC WI is a nominal party in this action, as opposed to a real party in interest, and its citizenship is irrelevant to determining whether complete diversity exists. *See Vandervest v. Wisconsin Cent.*, 936 F. Supp. 601, 604-05 (E.D. Wis. 1996) (plaintiff's insurers with a potential subrogation interest were nominal parties, and not real parties to the action, for purposes of determining whether complete diversity existed).

6. **Citizenship of Defendant**. Walmart, Inc. is incorporated in Delaware with its principal place of business located in Arkansas, and pursuant to 28 U.S.C. § 1332(c)(1), Walmart is deemed to be a citizen of Delaware and Arkansas. *See Exhibit A* at Dkt. No. 3, ¶ 4; *Exhibit D*.

---

[1] Exhibit C is from the Wisconsin Office of the Commissioner of Insurance's publicly available company lookup function: https://sbs.naic.org/solar-external-lookup/lookup/company/summary/54218251?jurisdiction=WI

7.      **Complete Diversity of Citizenship**. Both at the time the Complaint was filed and now, there is complete diversity of citizenship because the Plaintiffs are citizens of Wisconsin, to the extent the Court considers the citizenship of UHC WI in determining whether complete diversity exists, it is a citizen of Wisconsin, and Walmart is a citizen of Delaware and Arkansas. Moreover, because Walmart is not a citizen of the State of Wisconsin, it may remove the action to this Court.  28 U.S.C. § 1441(b)(2).

8.      **Amount in Controversy**. Plaintiffs allege Heidi Miller slipped and fell at a Walmart store in Rhinelander, Wisconsin, and that as a result, she has suffered

> serious personal injuries including physical damage to her right hand, elbow, knee and clavicle which have resulted in past medical expenses, past pain and suffering and upon information and belief, said conditions are believed to be permanent in nature, which will cause future pain and suffering, future medical expense, future loss of earning capacity and the loss of the ability to lead a normal, healthy and productive lifestyle.

*Exhibit A* at Dkt. No. 3, ¶ 11.  In addition, plaintiff Chris Miller alleges that as a result of his wife's injuries he has been denied the companionship and consortium of his wife, has had to provide daily care, and has had a drastic change in lifestyle as it relates to his relationship with his wife. *Id.* at ¶¶ 16-18. The amount in controversy exceeds $75,000.00.

9.      **Venue**. Venue in this Court is proper under 28 U.S.C. § 1446(a) because this case was pending in the Circuit Court of Oneida County, Wisconsin. This Court is the district and division "embracing the place where [the state court] action is pending." 28 U.S.C. § 1441(a).

10.     **Service of Notice**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being served on counsel for the Plaintiffs and Involuntary Plaintiff and filed with the Circuit Court for Oneida County.

WHEREFORE, Walmart respectfully requests that this action be removed from the Circuit Court of Oneida County to the United States District Court for the Western District of Wisconsin.

Dated this 19th day of October, 2021

          **GASS TUREK LLC**
          Counsel for Defendant

          s/ *Stephen T. Trigg*
          Tamar B. Kelber, SBN 1101802
          kelber@gassturek.com
          Stephen T. Trigg, SBN 1075718
          trigg@gassturek.com
          241 North Broadway, Suite 300
          Milwaukee, WI 53202
          T: 414-223-3300
          F: 414-224-6116